1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT
9                 SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 | Case No.:  3:15-cv-02248-GPC-WVG |
| 12  Pedro Rodriguez 14745493, | |
| 13                          Plaintiff, | **ORDER:** |
| 14  v. | **1)  GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C.** |
| 15  SAN DIEGO SHERIFF WILLIAM | **§ 1915(a) (ECF No. 2)** |
| 16  GORE; CITY OF SAN DIEGO; COUNTY OF SAN DIEGO, | |
| 17                          Defendants. | **AND** |
| 18 | **2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM** |
| 19 | **PURSUANT TO 28 U.S.C. § 1915(e)(2)** |
| 20 | **& § 1915A** |
| 21 | |
| 22 | |

23        Pedro Rodriguez ("Plaintiff"), currently housed at San Diego Central Jail ("SDCJ")

24 located in San Diego, California, and proceeding pro se, has filed a civil rights complaint

25 ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff did not prepay the civil

26 filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed In

27 Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (**ECF No. 2**).

## I.    Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if a prisoner, like Plaintiff, is granted leave to proceed IFP, he remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  See 28 U.S.C.

---

[1]   In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

§ 1915(b)(2).

Plaintiff has submitted a certified copy of his prison certificate.  The Court has reviewed Plaintiff's information and finds that he has insufficient funds from which to pay a partial initial filing fee.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP **(ECF No. 2)** and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the filing fees mandated will be collected by the Watch Commander at the San Diego Central Jail and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.    Initial Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

1    All complaints must contain "a short and plain statement of the claim showing that
2    the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are
3    not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
4    mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
5    (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining
6    whether a complaint states a plausible claim for relief [is] . . . a context-specific task that
7    requires the reviewing court to draw on its judicial experience and common sense." *Id.*
8    The "mere possibility of misconduct" falls short of meeting this plausibility standard.
9    *Id.; see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

10    "When there are well-pleaded factual allegations, a court should assume their
11    veracity, and then determine whether they plausibly give rise to an entitlement to relief."
12    *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)
13    ("[W]hen determining whether a complaint states a claim, a court must accept as true all
14    allegations of material fact and must construe those facts in the light most favorable to
15    the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that §
16    1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

17    However, while the court "ha[s] an obligation where the petitioner is pro se,
18    particularly in civil rights cases, to construe the pleadings liberally and to afford the
19    petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.
20    2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not
21    "supply essential elements of claims that were not initially pled." *Ivey v. Board of*
22    *Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

23    As currently pleaded, the Court finds that Plaintiff's Complaint fails to state a
24    cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof
25    requirements upon a claimant: (1) that a person acting under color of state law
26    committed the conduct at issue, and (2) that the conduct deprived the claimant of some
27    right, privilege, or immunity protected by the Constitution or laws of the United States.

*See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff is currently a pre-trial detainee[2] with pending criminal charges in San Diego Superior Court.  (*See* Compl. at 1.)  Plaintiff alleges that Defendant William Gore, Sheriff for the County of San Diego, violated his right to access to the courts under the First, Sixth and Fourteenth Amendments."  (*Id.* at 2.)  Specifically, Plaintiff challenges various policies at the SDCJ, such as prohibiting assistance to detainees in filing legal paperwork, not providing copies for legal filings, failing to provide postage for legal mailings and denying Plaintiff access to legal books sent to him by his family.  (*Id.* at 3-5.)

Inmates have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also*

_____

[2]  Plaintiff refers to himself as a "prisoner of San Diego County" but the documents attached to his complaint show that he is a detainee, currently housed at the San Diego Central Jail awaiting trial on unspecified criminal charges.

*Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. H*ill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

To support his claim that he has suffered an "actual injury," Plaintiff has attached copies of two decisions authored by Justices for the California Court of Appeal in which his two separate petitions for writ of habeas corpus were denied. (*See* Comp., ECF No. 1, at 59-60.) In both of these opinions Plaintiff's petitions are denied, in part, due to a failure to "attach copies of reasonably available documentary evidence supporting [Plaintiff's] claim." (*Id.*) Plaintiff alleges that it is the policy of the SDCJ to deny access to photocopies which led to these denials. However, these petitions were both denied for other reasons including Plaintiff's submission of "conclusory allegations" which were "not enough to state a prima facie case for habeas relief," and a finding that Plaintiff's legal claims "lack merit and do not establish the unlawfulness of his confinement." (*Id.*) Plaintiff also attaches the first page of an order from a separate civil rights action he filed in this Court in which his action was dismissed for failing to state a claim. (*See* Compl., ECF No. 1, at 61.)

Even if Plaintiff had actions that were dismissed, in part, due to the alleged photocopying policy, this action fails because he must also allege the loss of a "non-frivolous" or "arguable" underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415. Plaintiff's Complaint fails to identify or describe the non-frivolous or arguable nature of the underlying cause of action he either anticipated or lost as a result of the SDCJ policies. *Id*. at 416 ("[L]ike any other element of an access

claim[,] . . . the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.").

Plaintiff also claims that Defendants refused to provide postage and attaches copies of what appear to be two attempts to mail filings to the California Court of Appeals and this Court.  (*See* Compl. at 9.)  Both appear to have been returned to Plaintiff for lack of postage.  While Plaintiff may not have been able to mail some items, he does not allege with any particularity what documents or filings he was unable to mail due to lack of postage that have precluded his pursuit of  a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement.").  In fact, the Court takes judicial notice[3] that Plaintiff has filed at least eight (8) civil rights action in this Court alone which indicates that he has been able to successfully mail several documents to the courts.

Plaintiff also alleges that the Office of Assigned Counsel have violated his constitutional rights by failing to assist him with filings in the courts and failing to file appropriate motions in his criminal matter.  Plaintiff has already attempted to sue three attorneys with the Office of Assigned Counsel by claiming that their assistance in his ongoing criminal matter was ineffective.  *See Rodriguez v. Stall*, *et al.*, S.D. Cal. Civil Case No. 3:14-cv-02646 LAB (DHB).   It is not clear that the claims in this action differ from the claims that he raised in this previous action.

---

[3]   A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (*quoting Bennett v. Medtronic*, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Regardless, Plaintiff's fails to state a claim as to any individual with the Office of Assigned Counsel ("OAC") as he fails to allege facts to plausible suggest that any individual with the OAC acted "under color of state law" to deprive him of a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

When a plaintiff seeks to hold a private actor liable under § 1983, he must allege facts that show some "state involvement which directly or indirectly promoted the challenged conduct." *Ouzts v. Maryland Nat'l Ins. Co*., 505 F.2d 547, 553 (9th Cir. 1974). A person "acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (*quoting United States v. Classic*, 313 U.S. 299, 326 (1941)).

Plaintiff's Complaint fails to allege facts to plausibly suggest that any individual with the OAC acted on behalf of, or in any way attributable to, the state. *Iqbal,* 556 U.S. at 679. And even if Plaintiff alleged individuals with the OAC were not merely assisting him in an "ancillary" capacity, but instead, were appointed by the court to defend him during trial or other critical pretrial proceedings, their actions would not have been taken under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed." *Dodson*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).

When attorneys act in the role of advocate, they do not act under color of state law for purposes of section 1983. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Dodson*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as she performs a traditional role of an attorney for a client, "h[er] function," no matter how ineffective, is "to represent h[er] client, not the interests of the state or county.").

For these reasons, the Court finds Plaintiff's access to courts claims must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); Iqbal, 556 U.S. at 678.

Because Plaintiff is proceeding without counsel, and the Court has now provided him "notice of the deficiencies in his complaint," it will grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III.    Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) **(ECF No. 2)** is **GRANTED**.

2.    The Secretary of the CDCR, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92101.

**IT IS FURTHER ORDERED** that:

4.    Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, the Court GRANTS Plaintiff 45 days leave in which to re-open his case by filing an Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete by itself without reference to his original complaint. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner*

*& Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, this civil action will remain dismissed without prejudice based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5.    The Clerk of Court is directed to mail Plaintiff a copy of a court approved civil rights complaint form.

Dated:  December 22, 2015

Hon. Gonzalo P. Curiel
United States District Judge